# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

ANTONIO HOLLINGSWORTH                                        PETITIONER

v.                                                          No. 2:08CV51-P-A

STATE OF MISSISSIPPI, ET AL.                                 RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Antonio Hollingsworth for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved for dismissal of the petition for failure to state a claim upon which relief could be granted. The petitioner has not responded to the motion, and the deadline for response has expired. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed for failure to state a claim.

**Facts and Procedural Posture**

Antonio Hollingsworth is currently incarcerated in the Bolivar County Regional Correctional Facility as a pre-trial detainee. On March 19, 2008, Hollingsworth was indicted, as a habitual offender, for one count of felony shoplifting in the Second Judicial District of the Circuit Court of Bolivar County, Mississippi in Cause No. 2008-010-CR2. According to the Bolivar County Circuit Court Clerk's Office, Hollingsworth's trial on this charge was set for November 3, 2008.

Hollingsworth seeks an order directing the District Attorney of Bolivar County, Mississippi to "correct" his felony charge by amending it to a misdemeanor or, alternatively, to "expunge and void" his charge of felony shoplifting. Hollingsworth argues that the court has jurisdiction over his claim under 42 U.S.C. §1983.

**Failure to State a Claim**

The relief Hollingsworth seeks, dismissal or amendment of his indictment, may only appropriately come before the court through a *habeas corpus* petition. In addition, Hollingsworth had not yet been convicted and sentenced at the time he filed the petition and, as such, was a county inmate. Hollingsworth is thus a "pre-trial detainee," seeking relief under 28 U.S.C. § 2241. A pretrial detainee holds the right to seek federal *habeas corpus* relief. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123 (1973). However, "federal *habeas corpus* does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id*. at 489. Nor is a *habeas corpus* petitioner permitted to derail "a pending state proceeding by attempting to litigate constitutional defenses prematurely in federal court." *Id.* at 493. Further, there is "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle,* 530 F.2d at 1280, 1283 (5th Cir. 1976).

Generally, there are two types of relief sought by a prisoner who asserts a pretrial *habeas corpus* petition:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. *While the former objective is normally not attainable through federal habeas corpus*, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Id.* (emphasis added). "In other words, a federal court may generally consider a *habeas* petition for pretrial relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him." *Greer v. St. Tammany Parish Jail,* 693 F. Supp. 502, 508

(E.D. La. 1988). If a petitioner attempts to prevent the state from prosecuting his case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Brown,* 530 F.2d at 1282-83; *Braden,* 410 U.S. at 489.

In his petition, Hollingsworth argues that, because he was indicted for stealing $259.00 worth of merchandise, he should have been charged with misdemeanor rather than felony shoplifting. Further, he asks the court either to order the district attorney to amend his indictment to charge Hollingsworth with a misdemeanor – or to dismiss his indictment. Hollingsworth simply seeks the dismissal of the felony charge against him. This request "is not attainable through federal *habeas corpus.*" *Brown,* 530 F.2d at 1283. Hollingsworth does not specifically argue "special circumstances" to warrant disruption of the state's judicial process, *Dickerson*, 816 F.2d at 227 (citations omitted). As such, his petition shall be dismissed with prejudice for failure to state a claim upon which relief could be granted.

## Failure to Exhaust State Remedies

Hollingsworth has not raised his challenge to the propriety of the felony shoplifting charge before any court of the State of Mississippi. Therefore, he has not provided the state courts an opportunity to address the claim. In *Braden*, the Supreme Court held that the defendant was entitled to raise his speedy trial claim through a federal habeas petition because he had adequately exhausted his claim, stating:

> He has made repeated demands for trial to the courts of Kentucky, offering those courts an opportunity to consider on the merits his constitutional claim of the present denial of a speedy trial. Under these circumstances it is clear that he has exhausted all available state court remedies for consideration of that constitutional claim, even though Kentucky has not yet brought him to trial.

*Braden*, 410 U.S. at 490. The Fifth Circuit has also acknowledged the exhaustion requirement noting:

> Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved *either by trial on the merits in the state court or by other state procedures available to the petitioner*.

*Dickerson v. State*, 816 F.2d 220, 225 (5th Cir. 1987)(emphasis added, citations omitted).

Hollingsworth attached to his petition a copy of a "Motion for an Order to Show Cause," which he claims to have filed in the Bolivar County Circuit Court. The copy is not, however, stamped "filed." In addition, the Bolivar County Circuit Court Clerk's Office informed counsel for the state that no such motion has been filed in Hollingsworth's criminal Cause No. 2008-010-CR2; nor has it been filed in any of his other cases in that court. Further, the docket for Cause No. 2008-010-CR2 does not reflect a motion for an order to show cause – or other similar motions having been filed in the trial court. Hollingsworth has not presented this issue to the trial court either in a trial on the merits – or in a pretrial motion to dismiss or amend the indictment. Therefore, Hollingsworth has failed to exhaust his available state court remedies – and is unable to seek federal *habeas corpus* relief on that claim.

For these reasons, the instant petition for a writ of *habeas corpus* shall be dismissed for failure to state a claim upon which could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 9th day of April, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE